UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA MELINA ROBERTS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CONDUENT STATE AND LOCAL SOLUTIONS, LLC, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:25-cv-01329-CDB<br><br>ORDER ON STIPULATION TO CONTINUE HEARING ON MOTION TO REMAND AND INITIAL SCHEDULING CONFERENCE<br><br>(Doc. 10)<br><br>ORDER VACATING HEARING ON MOTION TO REMAND AND INITIAL SCHEDULING CONFERENCE<br><br>(Docs. 2, 3)<br><br>Clerk of the Court to Appoint District Judge |

**Background**

Plaintiff Laura Melina Roberts ("Plaintiff") initiated this action with the filing of a complaint in state court on September 11, 2025, against Defendants Conduent State and Local Solutions, LLC ("Conduent"), and Ameera Zughayer (collectively, "Defendants"). (Doc. 1-1 at 6-28). Defendant Conduent removed the action on October 6, 2025. (Doc. 1). On October 22, 2025, Plaintiff filed a motion to remand the action, setting a motion hearing date of December 3, 2025, before the undersigned. (Doc. 3). Defendant Conduent filed an opposition on October 30, 2025. (Doc. 9). Defendant Zughayer has not yet been served with the summons and complaint. *See* (Docs. 3, 9).

Pending before the Court is the parties' stipulated request to continue both the hearing on the motion to remand and the initial scheduling conference, filed on October 30, 2025. (Doc. 10). The parties represent that Defendant Conduent's counsel is unavailable on date of the hearing on the motion for remand (December 3, 2025) and the date of the initial scheduling conference (January 22, 2026). *Id.* at 2. The parties request the Court continue the hearing on the motion to remand to December 18, 2025, and the initial scheduling conference to February 23, 2026. *Id.*

**Discussion**

Consent to magistrate judge jurisdiction may not be entered absent consent of all parties, including unserved defendants. *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). Here, Defendant Zughayer remains unserved. Thus, because there is not full consent among all parties to the jurisdiction of a magistrate judge, Plaintiff has improperly noticed the motion to remand before the undersigned. *See Flam v. Flam*, 788 F.3d 1043, 1047 (9th Cir. 2015) (holding that a motion to remand is dispositive). Additionally, it follows that, as the motion to remand is dispositive and a ruling on the motion may dispose of all federal proceedings in this case, the initial scheduling conference may, therefore, be rendered moot.

As such, the Court will vacate the hearing on the motion to remand and the initial scheduling conference and direct the Clerk of the Court to randomly assign a district judge to this action. Following reassignment of the action, Plaintiff may re-notice the hearing on the motion to remand in front of the assigned district judge.

**Conclusion and Order**

The Clerk of the Court is directed to randomly assign a District Judge.

For the foregoing reasons, IT IS HEREBY ORDERED:

1. The parties' stipulated request to continue both the hearing on Plaintiff's motion to remand and the initial scheduling conference (Doc. 10) is DENIED as moot;
2. The initial scheduling conference set for January 22, 2026, is VACATED, to be reset as necessary following disposition of Plaintiff's pending motion to remand; and

///

2

3. The hearing on Plaintiff's pending motion to remand (Doc. 3) is VACATED.

IT IS SO ORDERED.

Dated: __November 5, 2025__   _____
UNITED STATES MAGISTRATE JUDGE