UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA MELINA ROBERTS, | Case No. 1:25-cv-01329-CDB |
| Plaintiff, | ORDER GRANTING MOTION TO REMAND |
| v. | (Doc. 17) |
| CONDUENT STATE & LOCAL SOLUTIONS, *et al.*, | ORDER DENYING MOTION TO STRIKE AS MOOT |
| Defendants. | (Doc. 27) |
| | ORDER DENYING MOTION TO COMPEL ARBITRATION AS MOOT |
| | (Doc. 28) |

Pending before the Court is Plaintiff Laura Melina Roberts' (Plaintiff") motion to remand (Doc. 17) and Defendants Conduent State & Local Solutions, LLC's ("Conduent") motions to strike and to compel arbitration (Docs. 27, 28).

## I.    <u>Background</u>

Plaintiff initiated this action on September 11, 2025, with the filing of a complaint in state court against Defendants Conduent and Ameera Zughayer.  (Doc. 1-1).  Defendant Conduent removed the action on October 6, 2025.  (Doc. 1).  Conduent asserts diversity as the basis for this Court's jurisdiction over the matter, noting that Defendant Zughayer was not yet served with summons and complaint at the time of removal.  *Id.* at 3-7.  Plaintiff filed a motion to remand on October 22, 2025.  (Doc. 3).  Conduent filed an opposition on October 30, 2025, and Plaintiff filed a reply on November 5, 2025.  (Docs. 9, 11).

Because the hearing on the motion was improperly noticed, the undersigned vacated the hearing and directed the Clerk of the Court to randomly assign a district judge to the action, after which Plaintiff was permitted to re-notice the hearing on the motion before the assigned district judge. (Doc. 14). After assignment of a district judge, Plaintiff re-filed her motion to remand with hearing noticed before the district judge (Doc. 17), Conduent filed its opposition (Doc. 19), and Plaintiff filed her reply (Doc. 20).

Plaintiff filed an executed summons as to Defendant Zughayer on January 7, 2026, and Defendant Zughayer filed an answer on January 27, 2026. (Docs. 22, 23). The following day, Plaintiff filed a document titled "notice of status update per Court's minute order" (Doc. 24) wherein she noted that Defendant Zughayer had been served and filed an answer in which she alleged she is a California citizen; Plaintiff attached to the notice the declaration of counsel Ani M. Akopyan, with accompanying exhibits. *See id.*

After the consent of all parties to magistrate judge jurisdiction, the case was reassigned for all purposes to the undersigned on February 2, 2026. (Doc. 26). On February 18, 2026, Conduent filed a motion to strike Plaintiff's notice of status update or, in the alternative, for leave to file a response. (Doc. 27).[1] On March 4, 2026, Conduent filed a motion to compel arbitration (Doc. 28) and, on March 10, 2026, Plaintiff filed an opposition (Doc. 29).

## II.    Governing Authority

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). A federal court's jurisdiction may be established in one of two ways: actions

---

[1] As Plaintiff's notice of status update (Doc. 24) is not necessary to the Court's decision, it is disregarded. Accordingly, Conduent's motion to strike or for leave to file a response (Doc. 27) will be denied as moot.

2

arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. Under 28 U.S.C. § 1332, a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states." Section 1332 requires complete diversity, *i.e.*, that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996). A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *See* 28 U.S.C. § 1332(a)(1); *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1300-01 (9th Cir. 1989).

Section 1441 limits removal to cases where no defendant "properly joined and served … is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(a), (b)(2). Removal statutes are "strictly construe[d] against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id.* Thus, the removing party bears a heavy burden of establishing original jurisdiction in the district court. *Id.*

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). The term "fraudulent joinder" is a term of art and does not connote any intent to deceive on the part of plaintiffs or their counsel. *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983). "A defendant invoking federal court diversity jurisdiction on the basis of a fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against finding fraudulent joinder.'"

*Grancare*, 889 F.3d at 548 (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).

### III. Discussion

#### A. Presence of Non-Diverse Defendant

In its notice of removal, Conduent asserts that complete diversity of citizenship among the parties permits the Court to exercise subject matter jurisdiction. (Doc. 1 at 3-5). The parties do not dispute that Conduent is a citizen of New York and New Jersey and that Plaintiff is a citizen of California. However, according to Conduent, though Defendant Zughayer is "allegedly a resident of California, she does not defeat diversity jurisdiction in this matter." *Id.* at 5 (citing *Poe v. Health Net, Inc.*, No. CV 18-9792-R, 2019 WL 1150497, at *1 (C.D. Cal. Mar. 12, 2019)). Conduent quotes *Poe* for the proposition that "[f]ederal subject matter jurisdiction hinges on the circumstances that exist at the time of removal." *Id.* However, the *Poe* court clarified that "[r]emoval is proper *only if* the action could have originally been filed in federal court." *Poe*, 2019 WL 1150497, *1 (citing 28 U.S.C. § 1441(a)) (emphasis added).

The requirement under 28 U.S.C. § 1332 to establish complete diversity demands that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc.*, 519 U.S. at 67-68. Conduent does not dispute this in either its removal notice or its papers opposing remand but, rather, acknowledges in the notice of removal that both Plaintiff and Defendant Zughayer are residents of California. (Doc. 1 at 5). Further, Conduent makes no argument either in its removal notice or opposition papers that Defendant Zughayer was fraudulently joined in this action. *See id.*; (Doc. 19 at 4 n.5).

Instead, notwithstanding the uncontroverted fact that there is not complete diversity here as Plaintiff and Defendant Zughayer both are California citizens, Conduent has engaged in a "snap removal" – the act of removing a state court action prior to service of summons and complaint on all defendants. *See Casola v. Dexcom, Inc.*, 98 F.4th 947, 950 (9th Cir. 2024). Although the Ninth Circuit expressly has declined to answer whether snap removals are permissible under 28 U.S.C. § 1441(b)(2) (*see Casola*, 98 F.4th at 964 & n.1), district courts that have allowed such removals rely on the language in § 1441(b)(2) providing an action is not removable only if any party "properly

4

joined and served" is a defendant of the forum state. *See, e.g., Adelaja v. Guillen*, No. 24-cv-08159-SI, 2025 WL 502050, at \*1-2 (N.D. Cal. Feb. 14, 2025) (citing cases). In Conduent's view, because Defendant Zughayer was not "properly joined and served" at the time of removal, her citizenship may be disregarded and § 1441(b)(2) does not bar removal.

Similar to the circumstances here, in *Edwards v. UPS*, No. 2:24-cv-01283-KJM-DMC, 2024 WL 4132664, at \*3 (E.D. Cal. Sept. 10, 2024)), the plaintiff filed a complaint in state court against a diverse defendant and a non-diverse forum defendant. The diverse defendant engaged in a snap removal by removing the action prior to plaintiff effecting service of summons and complaint on the non-diverse defendant. Relying on § 1441(b)(2)'s "properly joined and served" language, the diverse defendant argued that its snap removal was proper, and even if it was impermissible, the non-diverse forum defendant was fraudulently joined. *Edwards*, 2024 WL 4132664, at \*1-2. The court rejected the defendant's arguments, reasoning that "the parties are not completely diverse so the case was not 'otherwise removable,' and the sequence of service and removal does not make a difference." *Id.* at \*3.

The same is true here. Plaintiff is a citizen of California and Conduent does not dispute that Defendant Zughayer is a citizen of California. *See* (Docs. 1, 19). Conduent's arguments in opposition to the motion to remand rely entirely on the fact that Defendant Zughayer was not served at the time of removal. Unlike in *Edwards*, Conduent makes no argument that Defendant Zughayer was fraudulently joined. Thus, the presence of Defendant Zughayer, from the filing of the action in state court, defeated complete diversity of citizenship as Plaintiff is also a citizen of California. *See Martinez v. Siemens Indus., Inc.*, No. 2:15-cv-00511-MCE-AC, 2015 WL 4460863, at \*3 (E.D. Cal. July 21, 2015) ("there are multiple Ninth Circuit cases on point stating that in diversity jurisdiction cases, non-served, non-diverse defendants should be considered by the court to prevent gamesmanship by defendants.") (citing, *inter alia*, *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969)); *see also Rhodes v. Barnett*, 692 F. App'x 834, 835–36 (9th Cir. 2017) ("Furthermore, Barnett & Associates is a citizen of the same state as Rhodes, and unserved parties must be considered in determining whether there is complete diversity. Thus, whether this entity was served does not impact the jurisdictional analysis.") (citing *Vitek*, 412 F.2d at 1176).

5

Conduent contends that the decision in *Edwards* "has been limited by Plaintiff's other cited case" of *Estate of Joseph v. Sub Sea Systems, Inc.* (Doc. 19 at 6 n.7; citing *Est. of Joseph v. Sub Sea Sys., Inc.*, No. 2:25-cv-00496-DAD-AC, 2025 WL 2307838, at \*3 n.3 (E.D. Cal. Aug. 11, 2025)). Conduent argues that, thus, "this case does not foreclose the possibility of snap removals in the Eastern District of California." Conduent's citation to *Estate of Joseph* in support of its opposition to remand is misplaced. In *Estate of Joseph*, the court observed that "[a]nother judge of this court recently issued a decision suggesting skepticism of snap removal but *granting the motion to remand in that case for a simpler reason, namely that 'diversity of citizenship [was] lacking.'*" *Est. of Joseph*, 2025 WL 2307838, at \*3 n.3 (citing *Edwards*, 2024 WL 4132664, at \*3-4; emphasis added; alteration in original). Likewise, here, the parties are not completely diverse in citizenship because Defendant Zughayer and Plaintiff both are citizens of California and Defendant does not argue that Defendant Zughayer was fraudulently joined. *See Martinez*, 2015 WL 4460863, at \*3 ("Thus, the fact that Ragan was not served does not destroy his non-diverse status (and therefore confer jurisdiction here on diversity grounds).").

Separately, the complaint does not assert any other basis for federal court jurisdiction, and none is apparent. No federal cause of action is alleged and no federal claims are suggested by the facts. *See* (Doc. 1-1). Accordingly, the Court lacks jurisdiction under 28 U.S.C. § 1332.

**B. Attorney's Fees**

An order remanding may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C § 1447(c). Pursuant to 28 U.S.C. § 1447(c), attorney's fees and costs are available only if the removing defendant "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). A court's award of fees "is not a punitive award against defendants; it is simply reimbursement to plaintiffs of wholly unnecessary litigation costs the defendant inflicted." *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 447 (9th Cir. 1992).

Plaintiff asserts that reimbursement is appropriate because Plaintiff "attempted to avoid this [m]otion by reaching out to Defendant on October 7, 2025, and requesting that Defendant stipulate to remand due to the lack of diversity jurisdiction" and that Defendant relied on "outdated" caselaw

and "unreasonably refused to stipulate for remand." (Doc. 17 at 20-21; emphasis omitted). Conduent contends that, because "snap removals are an undecided issue within the Ninth Circuit" and courts have allowed snap removals, attorney's fees cannot be assessed against Conduent for a removal on this basis. (Doc. 19 at 8).

Here, the undisputed fact that complete diversity did not exist when Conduent removed the action weighs in favor of granting attorney's fees given that the requirement to establish complete diversity is a well-settled and bedrock principle. *See Vitek*, 412 F.2d at 1176; *Rhodes*, 692 F. App'x at 835–36. Nor has Conduent advanced any alternative argument in support of its removal, such as fraudulent joinder of Defendant Zughayer. *See* (Doc. 1). However, as noted above, the Ninth Circuit expressly has declined to answer whether snap removals are permissible and some district courts have accepted the practice. *See Mellon v. Sierra Donor Servs.*, No. 2:25-cv-01998-TLN-CKD, 2025 WL 3002042, at *4 (E.D. Cal. Oct. 24, 2025) ("Whether snap removal is permissible is an open question in the Ninth Circuit and district courts are divided on this issue."). This factor weighs against the grant of attorney's fees.

In sum, as the law regarding snap removal has not been settled by the Ninth Circuit, with district courts coming to differing conclusions, and as it relates to timing of service and removal despite the presence of a forum defendant, the Court cannot find a clear absence of an objectively reasonable basis for removal. *Cf. Hiett v. Stanislaus Reg'l Hous. Auth.*, No. 1:22-cv-00612-JLT-EPG, 2022 WL 5440356, at *2 (E.D. Cal. Oct. 7, 2022) (granting fees and costs where pro se plaintiff removed the action, noting that removal by a plaintiff was clearly not permitted by statute, and where the plaintiff failed to oppose the motion for remand and had removed the action two days prior to a state court hearing regarding plaintiff's status as a vexatious litigant); *Diego v. Golden Valley Health Centers*, No. 1:15-cv-00085-JAM, 2015 WL 4112276 (E.D. Cal. July 8, 2015) (granting fees where removal was based on no "objectively reasonable basis" because defendant's bases were "foreclosed by longstanding and controlling authority"). Thus, Plaintiff's request for fees will be denied.

**IV.    Conclusion and Order**

For the foregoing reasons, there is not complete diversity and this Court lacks subject matter

jurisdiction over this matter, and the action must be remanded pursuant to 28 U.S.C. § 1447(c).

Accordingly, it is HEREBY ORDERED:

1.  Plaintiff's motion to remand (Doc. 17) is GRANTED;

2.  This case is REMANDED to the Superior Court of the State of California, County of Kern;

3.  Plaintiff's request for fees and costs incurred in filing the motion for remand is DENIED;

4.  Defendant Conduent's motion to strike (Doc. 27) is DENIED as moot;

5.  Defendant's motion to compel arbitration (Doc. 28) is DENIED as moot; and

6.  The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:    **March 23, 2026**    _____
UNITED STATES MAGISTRATE JUDGE

8